UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.E.K. CONSULTING LLC,<br>*Plaintiff*,<br><br>v.<br><br>AMICUS CAPITAL PARTNERS, LLC,<br>*Defendant*. | No. 19-cv-10648<br><br><br>COMPLAINT |

Plaintiff L.E.K. Consulting LLC, by and through its attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff L.E.K. Consulting LLC ("L.E.K.") and Defendant Amicus Capital Partners, LLC ("Amicus") (collectively, "Parties") entered a written consulting agreement ("Agreement").

2. L.E.K provided the agreed-upon consulting services, and Amicus promised to pay the agreed-upon consulting fees and expenses. Nevertheless, Amicus has failed to pay L.E.K., and it currently owes $417,888, plus 18 percent interest per annum since January 4, 2019, to L.E.K.

3. Despite its best efforts to resolve this matter without litigation, L.E.K. has been forced to file this civil action to collect.

## JURISDICTION

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), because (a) the amount in dispute exceeds the sum of $75,000, exclusive of interest and costs, and (b) there is diversity among the Parties: L.E.K.,

1

a limited liability company organized under the laws of Delaware, maintains its principal place of business in Boston, Massachusetts; and Amicus Capital Partners, LLC, a limited liability company organized under the laws of Delaware, maintains its principal place of business in Chicago, Illinois.

5.      In addition, this Court has personal jurisdiction over the Parties, because in the Agreement, the Parties consented to its jurisdiction.

## VENUE

6.      Venue is proper in this district because, in the Agreement, the Parties agreed that any claim arising out of, or in any way relating to, the Agreement must be brought in this Court (or a state court located in New York).

## PARTIES

7.      Plaintiff L.E.K. Consulting LLC is a global strategy consulting firm that provides strategic consulting services in a wide range of industries, including healthcare. L.E.K. maintains its U.S. headquarters at 75 State Street, 19th Floor, Boston, Massachusetts.

8.      Defendant Amicus Capital Partners, LLC is private equity firm that focuses on the healthcare industry. Amicus maintains its headquarters at 200 East Randolph Street, Suite 5100, Chicago, Illinois.

## FACTS

9.      On or about November 2, 2018, L.E.K. and Amicus entered into a written consulting agreement ("Agreement").

10. The primary objective of the consulting engagement was for L.E.K. to assist Amicus in evaluating a potential investment.

11. The Parties agreed that L.E.K. would commit four or five consultants; that the project would be completed over approximately three to four weeks; and that the professional fees would be $340,000 plus direct and indirect expenses.

12. On or about November 12, 2019, L.E.K. began its consulting work for Amicus.

13. Over the next three to four weeks, as promised in the Agreement, L.E.K. completed the consulting engagement.

14. On or about December 17, 2018, L.E.K. hosted a conference call with Jabali Wells and Colin Forde, managing partners of Amicus, and delivered its final presentation.

15. On the call, neither Wells nor Forde expressed any concerns about the quality or completeness of L.E.K.'s work.

16. Through January 18, 2019, and as follow-up to its final presentation, L.E.K. had further discussions with Amicus, and at Amicus's request, L.E.K. provided a revised version of the presentation.

17. Pursuant to the terms of the Agreement, on January 4, 2019, L.E.K. issued an invoice to Amicus for a total amount of $417,888 in fees and expenses for its work on the consulting engagement.

18. Since L.E.K. issued its January 4, 2019 invoice, Amicus has never disputed in writing the accuracy or validity of that invoice, which is based on and consistent with the Agreement.

19. To the contrary, in written and verbal communications with L.E.K., Wells has repeatedly acknowledged Amicus's obligation to pay L.E.K.'s invoice and, further, promised that Amicus would pay L.E.K. in full.

20. For example, in an email on October 17, 2019, Forde again recognized the "outstanding debt" that Amicus owes to L.E.K., but he failed to arrange for payment or to provide a date certain by which L.E.K. could expect payment.

21. As of this filing, Amicus has made no payment to L.E.K., so the entire January 4, 2019 invoice for $417,888 remains outstanding.

22. The Agreement requires Amicus to pay interest on the outstanding invoice at a rate of 18 percent per annum, which as of this filing amounts to an additional $65,122.

23. L.E.K. attempted to settle this dispute without resorting to litigation, but those efforts have proved unsuccessful, because Amicus has failed to pay the outstanding invoice or to accept any reasonable resolution.

## CLAIMS

### Count I
### Breach of Contract

24. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count I, further alleges as follows:

25. L.E.K. and Amicus entered the Agreement.

26.     L.E.K. performed the Agreement by provided consulting services to Amicus.

27.     Amicus breached the Agreement by failing to pay L.E.K. for its consulting services.

28.     Due to the breach by Amicus, L.E.K. has suffered damages.

## Count II
## Account Stated

29.     L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count II, further alleges as follows:

30.     The Parties engaged in a transaction by which (a) L.E.K. agreed to provide consulting services to Amicus, and (b) Amicus agreed to pay L.E.K. for its fees and expenses.

31.     On January 4, 2019, L.E.K. issued an invoice to Amicus for the amounts due as payment for its consulting services.

32.     Amicus has not objected to, or otherwise contested, the validity of the January 4, 2019 invoice.

33.     To the contrary, Amicus has expressly and impliedly agreed to pay in full the amount that it owes to L.E.K., but Amicus has failed to do so.

34.     As of this filing, however, Amicus has made no payment to L.E.K. on its outstanding invoice, and a result a balance of $417,888, plus interest at 18 percent per annum, is due to L.E.K.

### Count III
### Unjust Enrichment

35. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count III, further alleges as follows:

36. L.E.K. provided valuable consulting services to Amicus.

37. Amicus benefitted from the services that L.E.K. provided.

38. Amicus has not fairly compensated L.E.K. for the services that it provided.

39. Because Amicus has unfairly obtained a valuable benefit at the financial expense of L.E.K., equity and good conscience require Amicus to pay for the consulting services that L.E.K. provided.

### Count IV
### Quantum Meruit

40. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count IV, further alleges as follows:

41. Acting in good faith, L.E.K. provided valuable consulting services to Amicus.

42. Amicus accepted the services that L.E.K. provided and benefitted from those services.

43. The Parties expected that Amicus would compensate L.E.K. for its consulting services.

44. As of this filing, however, Amicus has not compensated L.E.K. for its services.

45. The reasonable value of the services that L.E.K. provided and that Amicus accepted is $340,000 in fees plus $77,888 in expenses and $65,122 in interest, for a total of $483,010.

**PRAYER FOR RELIEF**

46. WHEREFORE, Plaintiff L.E.K. Consulting LLC prays for the following:

    a. Compensatory damages in an amount to be determined at trial;

    b. Pre- and post-judgment interest;

    c. Attorneys' fees and costs; and

    d. All other relief as the Court may deem in the interest of justice.

Respectfully submitted,

*/s/ Daniel N. Marx*
Daniel N. Marx
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: (857) 321-8360
*dmarx@fickmarx.com*

*Counsel for Plaintiff L.E.K. Consulting LLC*

Dated: November 18, 2019