UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.E.K. CONSULTING LLC,<br><br>       Plaintiff,<br><br>    -v.-<br><br>AMICUS CAPITAL PARTNERS, LLC,<br><br>       Defendant. | 19 Civ. 10648 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  On August 14, 2020, the Court held a hearing regarding Defendant's default in this action. (Minute Entry of August 14, 2020). At the hearing, Defendant agreed that an entry of default was warranted. (*Id.*). However, the parties disputed whether the amount for the default judgment should be based on the agreement undergirding Plaintiff's Complaint in this action, or whether instead the amount should be based on the settlement agreement executed between the parties. (*Id.*). The Court ordered the parties to submit letter briefs addressing the issue (*id.*), and the parties filed said briefs on September 4, 2020 (Dkt. #34-35).

  Having carefully considered the parties' submissions, the Court finds that the settlement agreement provides the relevant amount for the default judgment. As Plaintiff notes (*see* Dkt. #34), the controlling question of law is whether the settlement agreement constitutes an executory accord or a substitute agreement. If it is the former, then Plaintiff's original claims remain live; if the latter, Plaintiff may only seek relief based on the settlement agreement. *See Nat'l Am. Corp.* v. *Fed. Republic of Nigeria*, 448 F. Supp. 622,

643 (S.D.N.Y. 1978). "The parties' intent dictates the proper characterization of the contract at issue, which is ordinarily a question of fact." *C3 Media & Mktg. Grp., LLC* v. *Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 434 (S.D.N.Y. 2005) (citing *Frank Felix Assocs., Ltd.* v. *Austin Drugs, Inc.*, 111 F.3d 284, 287 (2d Cir. 1997)). "However, where the parties have manifested their intent on the face of the document, the court can make this determination as a matter of law based on the documents before the court." *Id.* (quoting *Koening Iron Works, Inc.* v. *Sterling Factories, Inc.*, No. 89 Civ. 4257 (THK), 1999 WL 178785, at *8 (S.D.N.Y. Mar. 30, 1999)). Moreover, while there is a presumption that "one does not surrender an existing obligation for a promise to perform in the future," *Albee Truck Inc.* v. *Halpin Fire Equip. Inc.*, 615 N.Y.S.2d 118, 120 (3d Dep't 1994) (quoting *Goldbard* v. *Empire State Mut. Life Ins. Co.*, 171 N.Y.S.2d 194, 201 (1st Dep't 1958)), "courts hasten to find an intention to have a substituted or superseding agreement discharging the old where [a] settlement has resulted in formalized papers with unequivocal language," *Nat'l Am. Corp.*, 448 F. Supp. at 643 (quoting *Goldbard*, 171 N.Y.S.2d at 200).

Here, it is readily apparent from its face that the settlement agreement was intended to supersede the original contract between the parties. The settlement agreement both provides for a complete release of all claims arising from the original dispute between the parties and, even more persuasively, provides for a specific remedy should Defendant fail to pay the amount required by the settlement. (*See* Dkt. #34, Ex. A). In addition, the settlement agreement offers no language indicating that Plaintiff's claims would remain

live pending Defendant's performance of the settlement. While the settlement agreement does provide that Plaintiff will have the lawsuit between the parties dismissed upon receipt of the required payment (*see id.*), it does not state that Plaintiff's claims remain actionable pending such payment. Given the unequivocal language of the settlement agreement, it is clear that the settlement agreement superseded any prior contracts between the parties, and is therefore the only valid source for determining the amount for the default judgment. Moreover, the Court will not grant Plaintiff the equitable remedy of rescission of the settlement agreement, given that Plaintiff has failed to show that it "lacks an adequate remedy at law." *C3 Media*, 419 F. Supp. 2d at 435 (quoting *Faden Bayes Corp.* v. *Ford Motor Co.*, No. 97 Civ. 1867 (MBM), 1997 WL 426100, at *2 (S.D.N.Y. July 30, 1997)). While the amount provided by the settlement agreement is certainly less than Plaintiff would have received from the original contract, it is not inadequate.

Accordingly, the Court ORDERS that Plaintiff be awarded $475,000 in damages. The Court further ORDERS that interest shall accrue on this amount at the rate of 18% per annum as of the date of this Order. *See Westinghouse Credit Corp.* v. *D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004) (noting that parties are free to set a post-judgment interest rate by contract as long as they do so through "clear, unambiguous[,] and unequivocal language"). Finally, should Plaintiff wish to seek attorney's fees and costs relating to the enforcement of this Judgment, the Court ORDERS that such a motion be filed

no later than October 14, 2020.  Opposition papers, if any, shall be filed by October 28, 2020.

SO ORDERED.

Dated: September 15, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge